## PLUMMER v. MYERS.

(District Court, E. D. Pennsylvania. May 13, 1905.)

No. 2.

1. BANKRUPTCY—RECOVERY OF PREFERENCES—DEFENSES.

Where a creditor of an insolvent who had sold him goods on credit through an agent took back certain of said goods as a credit immediately before the debtor's bankruptcy, and with reasonable cause to believe and know that he was insolvent, and that a preference was intended, it is no defense to an action by the debtor's trustee to recover the value of such goods as a preference that the creditor's agent, by a collateral agreement with him, had guarantied payment of part of the indebtedness, and that the credit was applied on such part.

2. SAME.

Where the statement of claim in an action by a trustee in bankruptcy to recover an unlawful preference, under Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], alleges that the preference was received by defendant through an agent who had reasonable cause to believe and know that the debtor was insolvent, and that it

was thereby intended to give a preference, an averment in the affidavit of defense that defendant had no personal knowledge of the actual insolvency of the debtor states no defense.

At Law. On motion for judgment for want of sufficient affidavit of defense.

Theodore W. Reath, for plaintiff.

Hepburn, Carr & Krauss, for defendant.

J. B. McPHERSON, District Judge. This is a suit by a trustee in bankruptcy to recover a preference from a creditor. The statement of claim is as follows:

"The plaintiff, Charles E. Plummer, of Petersburg, state of Virginia, trustee in bankruptcy of John L. Mulcaha, of Petersburg, Virginia, sues to recover of the defendant, Angelo Myers, doing business at 311 North Third St., Philadelphia, in the state of Pennsylvania, the sum of two hundred dollars and ninety-five cents ($200.95), with interest thereon, being the value of a preference given said defendant by John L. Mulcaha, the above-named bankrupt, under the following circumstances, viz.:

"On the first day of April, 1904, the said John L. Mulcaha, doing a liquor business at Petersburg, in the state of Virginia, was by the District Court of the United States in and for the Eastern District of Virginia adjudged a bankrupt, and this plaintiff was duly chosen as trustee, and was qualified to act as such by the said District Court on the 21st day of April, 1904, and entered upon the performance of his duties on that date, and is still acting as such trustee.

"On or about the 28th day of March, 1904, said John L. Mulcaha, being largely indebted to the defendant and other creditors, and well knowing at the time that he was insolvent and unable to pay his creditors in full, and with the intent to prefer the defendant, Angelo Myers, as a creditor, and in violation of an act of Congress in such cases made and provided, did allow to be withdrawn from his stock of liquors by an agent of the defendant whisky to the value of two hundred dollars and ninety-five cents ($200.95); and said consignment and shipment of whisky, together with its delivery to said Angelo Myers as above described, enabled the said Angelo Myers to obtain a greater percentage of his debt than any other of such creditors of the same class.

"Plaintiff avers that the said Angelo Myers, or his agent acting therein at that time, had reasonable cause to believe and to know that said John L. Mulcaha was insolvent, and that said delivery of whisky to him, the said Angelo Myers, was for the purpose of preferring him as a creditor of said bankrupt.

"Plaintiff further says the sum of two hundred dollars and ninety-five cents ($200.95), the value of the whisky shipped to the said Angelo Myers in the manner hereinbefore described, is justly due and owing to him as such trustee in bankruptcy of the said John L. Mulcaha and interest thereon, for all of which he brings this action and asks judgment."

To this statement the defendant has filed the following affidavit of defense:

"Angelo Myers, being duly sworn according to law, doth depose and say that he is the defendant in the above case, and that he has a just and true defense to the whole of the plaintiff's claim of the following nature and character, to wit:

"That defendant is a wholesale liquor dealer in the city of Philadelphia, and has been such for upwards of thirty years last past; that all of the transactions which he had with the bankrupt John L. Mulcaha, of Petersburg, Va., were had by and through the agency of one Simon Reichman, a liquor salesman living in the city of Philadelphia, Pa. Defendant avers that the said Simon Reichman did sell certain whiskies to John L. Mulcaha, which were shipped by the defendant to John L. Mulcaha, amounting in the aggre-

gate to the sum of one thousand one hundred dollars ($1,100). Defendant further avers that the said Reichman, before the goods were shipped, entered into an agreement or guaranty with the defendant to the effect that he, the said Reichman, would guarantee the payment of half of the bill of goods so shipped to the said Mulcaha by the defendant, holding himself, Reichman, responsible to the defendant, Angelo Myers, for the payment thereof in the event of the failure of the said Mulcaha to pay his bill. Defendant avers that he did thereafter receive back from the said Reichman some time during the latter part of the month of March or early part of April, 1904, certain whiskies, of the value of about two hundred dollars ($200), which whiskies were received back from the said Reichman as a credit on account of his guaranty of the account of the said John L. Mulcaha. Deponent further avers that he had no personal knowledge of the actual insolvency of the said John L. Mulcaha; that he is advised and believes that the return of said whisky of the value of two hundred dollars ($200) by the said Simon Reichman as a credit on his, the said Simon Reichman's guaranty, in no wise constituted a preferential payment in bankruptcy. All of which facts deponent avers and expects to be able to prove on the trial of the above case."

In my opinion, the motion for judgment must prevail. The defendant admits that he sold all the whisky to the bankrupt on credit, and the fact that Reichman had made a collateral agreement, whereby he agreed to guarantee the payment of one-half the account, made no change in the title to the goods, and gave Reichman no interest therein. So far as appears, the bankrupt knew nothing of the guaranty—which seems to have been a secret agreement between Reichman and the defendant—and there is no averment that he was indebted to Reichman individually, or was even attempting to transfer the whisky in controversy for Reichman's private benefit. On the contrary, it is clear that Reichman obtained it from the bankrupt for the defendant's benefit, and that this object has been fully carried out by delivery.

The remaining question is whether the defendant is to be charged with knowledge that the transfer of the whisky was intended to give him a preference. The answer is to be found in section 60, cl. "b," Bankr. Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]:

"If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

This being the law, it only remains to say that no attempt is made by the affidavit of defense to deny the averments of the statement on this point. The statement declares:

"Plaintiff avers that the said Angelo Myers, or his agent acting therein, at that time had reasonable cause to believe and to know that John L. Mulcaha was insolvent, and that said delivery of whisky to him, the said Angelo Myers, was for the purpose of preferring him as a creditor of said bankrupt."

To this distinct and positive averment the affidavit of defense merely sets up that "deponent further avers that he had no personal knowledge of the actual insolvency of the said John L. Mulcaha," nothing whatever being said about Reichman's knowledge or belief. Obviously, therefore, the defendant's averment is incomplete.

It is therefore ordered that the plaintiff have judgment for want of a sufficient affidavit of defense, the amount to be liquidated by the clerk.